UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-80526-CIV-MIDDLEBROOKS/BRANNON

THERESA AVRETT, and
STEPHANIE SCIALPI, as parent and
natural guardian of the minor,
JAZMYN SCIALPI,

    Plaintiffs,

v.

FESTIVAL FUN PARKS, LLC,
d/b/a Boomers!, a Foreign Limited
Liability Company,

    Defendant.
_____/

## ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Motion for Partial Summary Judgment ("MPSJ") as to claims by Plaintiff Theresa Avrett, filed by Defendant Festival Fun Parks, LLC d/b/a Boomers! ("Festival") on October 26, 2015. (DE 71). Plaintiff Theresa Avrett ("Avrett") filed a Response to Defendant's Motion (DE 76) on November 12, 2015. Festival then filed a late Supplemental Motion for Partial Summary Judgment ("Supplemental Motion") (DE 97) on December 11, 2015. Plaintiffs Avrett and Stephanie Scialpi[1] ("Scialpi") filed a Response to the Supplemental Motion. (DE 104). The Court entered an Order to Show Cause why Festival's Supplemental Motion should be considered as no leave was granted to file a second motion for summary judgment, in violation of Local Rule 7.1(c)(2), and as pretrial motions were due on October 26, 2015. (DE 103). Festival filed a Response to the Order to Show Cause (DE 108), to which Plaintiffs replied on December 28, 2015. (DE 111).

---

[1] Notably, the instant Motion and Supplemental Motion only seek summary judgment on claims by Avrett—not Plaintiff Scialpi—despite Scialpi raising identical claims in the Amended Complaint.

**I.     Background**[2]

This case arises out of a go-kart accident that occurred at Boomers! Amusement Park (Boomers!) on January 11, 2014. On that day, Avrett drove minor Jazmyn Scialpi in a go-kart race at Boomers! (DE 1-3 at 4). After the start of the race, a Festival employee stopped the race because the driver of another go-kart was crashing into other go-kart riders. The employee instructed the driver not to crash into other go-karts. (DE 1-3 at 5). The Festival employee did not eject the driver after that incident. (DE 1-3 at 6). After restarting the race, a Festival employee stopped the race a second time because the same driver continued to crash into other go-kart riders. (DE 1-3 at 6). The driver was not ejected at that time. (DE 1-3 at 7). After the race was restarted for a second time, the driver crashed into Avrett and Scialpi's go-kart, forcing their go-kart to hit a wall. (DE 1-3 at 7). Avrett and Scialpi were both placed on backboards and taken by EMS to the hospital. (DE 1-3 at 7).

In the Amended Complaint, Avrett alleges one state law claim of negligence against Festival. The negligence claim alleges nine duties that Festival owed Avrett, and twelve theories of how Festival breached those duties. (DE 1-3 at 13-14). Essentially, Avrett claims Festival was negligent in not removing the driver after the employee knew or should have known the driver constituted an unreasonably dangerous condition that would foreseeably cause severe injury to other drivers. Avrett claims harm in the form of "serious, permanent bodily injuries, including the need to undergo an anterior cervical discectomy and fusion, resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, chiropractic and

---

[2] Neither Defendant nor Plaintiffs filed a Statement of Material Facts in this case, as required by Local Rule 56.1. The following facts are taken from the Amended Complaint (DE 1-3) and Defendant's Motion for Partial Summary Judgment. (DE 71).

nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previous existing condition, disease or physical defect." (DE 1-3 at 14-15).

Scialpi also alleges one claim of negligence against Festival. Scialpi's negligence claim is identical to Avrett's with regard to the theories of duty and breach of duty. Scialpi claims harm in the form of "serious, permanent bodily injuries, and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, chiropractic and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition, disease or physical defect." (DE 1-3 at 18).

## II. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)(1)(A)). Where the non-moving party bears the burden of proof on an issue at trial, the movant may simply "[point] out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden shifts to the non-moving party to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). Although all reasonable inferences are to be drawn in favor of the non-moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

3

255 (1986), the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  The non-moving party may not rest upon the mere allegations or denials of the adverse party's pleadings, but instead must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587 (citing Fed. R. Civ. P. 56(e)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the non-moving party fails to make a sufficient showing on an essential element of his case on which he has the burden of proof, the moving party is entitled to a judgment as a matter of law.  *Celotex Corp.*, 477 U.S. at 323.

**III.   Discussion**

  **a. Defendant's Supplemental Motion**

As a threshold matter, the Court must determine whether to consider Festival's Supplement to Defendant's Omnibus Motion for Partial Summary Judgment. ("Supplemental Motion") (DE 97).  All dispositive motions in this case were due by October 26, 2015.  Festival filed its Supplemental Motion on December 11, 2015.  The Supplemental Motion was not filed with leave of the Court, as required by Local Rule 7.1(c)(2).  Festival contends that the Supplemental Motion simply provides more information as to the claims that were previously raised in the timely-filed MPSJ.  However, upon review of the Supplemental Motion and MPSJ, it is clear that the Supplemental Motion raises new issues for disposition on summary judgment. There is nothing in the Supplemental Motion that suggests that Festival was unable to raise these

4

arguments by the October 26 deadline for dispositive motions. Accordingly, the Court denies the Defendant's Supplemental Motion.

### b. Defendant's Motion for Partial Summary Judgment

Festival moves for partial summary judgment as to portions of Plaintiff Theresa Avrett's negligence claim, specifically her claims for: (1) past lost wages; (2) loss of future earning capacity; (3) intangible damages; (4) aggravation of a pre-existing injury; and (5) negligent training and retention of employees. (DE 71 at 1). Avrett voluntarily dismissed, with prejudice, her claims for past lost wages and loss of future earnings and earning capacity on November 12, 2015. (DE 75). Avrett contends that a genuine issue of material fact exists as to the remaining three issues.

**Intangible damages.** Festival contends that the Court should grant summary judgment in favor of Festival because Avrett did not "quantify or compute her intangible damages through Rule 26 disclosures." (DE 71 at 7). Festival argues that her "inability to quantify her intangible damages should lead to partial summary judgment in favor of the Festival as to that claim, or in the alternative preclude Avrett from proposing a specific amount of damages to the jury." (DE 71 at 10).

Federal Rule of Civil Procedure 26 requires a party to provide "a computation of each category of damages claimed" and material on which the computation is based. Courts are divided on whether a plaintiff must quantify non-economic, or intangible, damages. The plain text of Rule 26 suggests that computation of all damages—including non-economic, intangible damages—would be necessary. *See Dixon v. Bankhead*, No. 4:00-cv-344, 2000 WL 33175440 (N.D. Fla. 2000) (requiring a computation for non-economic damages). However, some courts have recognized that due to the nature of intangible damages, computation of damages is not

5

always feasible or necessary. In those cases—where Rule 26 disclosures have not included a computation of intangible damages—courts typically require that the plaintiff not introduce specific testimony as to the amount of intangible damages. *See Gray v. Florida Dept. of Juvenile Justice*, No. 3:06-cv-990, 2007 WL 295514 at *2 (M.D. Fla. 2007) ("Plaintiff is not required to provide Defendant with a calculation of her suggested compensatory damages for emotional distress pursuant to Rule 26(a)(1)(c). This conclusion, however, mandates that in the event this case proceeds to trial, Plaintiff may not suggest to the jury a suggested amount of compensatory damages for her emotional distress."); *Sandoval v. American Building Maintenance Industries, Inc.*, 267 F.R.D. 257, 282 (D. Minn. 2007) ("To the extent that plaintiffs do not intend to suggest a specific amount to the jury for emotional distress damages, this Court will not require them to disclose a computation of these damages . . . . If plaintiffs do not provide this information . . . they will not be allowed to suggest a specific amount to the jury for emotional distress damages.").

Avrett indicates that she intends to leave the computation of intangible damages to the jury *in toto*. (DE 76 at 4). If Avrett leaves the computation of intangible damages to the jury, and does not introduce evidence as to the specific amount of intangible damages she seeks, Avrett need not have computed the damages in her Rule 26 disclosures. Accordingly, Festival's request for summary judgment as to Avrett's intangible damages—to the extent Festival seeks to preclude Avrett from recovering for "pain and suffering, mental anguish, loss for capacity to enjoy life"—is denied. However, because Avrett has not disclosed a computation for intangible damages, Avrett is precluded from suggesting any specific amount of intangible damages to the jury.

**Aggravation of a pre-existing injury.** Festival also contends that there is no genuine issue of material fact as to whether Avrett had a pre-existing injury, and that "Plaintiff should be estopped from recovering" based on the theory that the go-kart accident aggravated a pre-existing condition. (DE 71 at 9). In support of this contention, Festival relies on Avrett's deposition testimony from September 9, 2015:

> Q: You said in your complaint that you aggravated a preexisting injury. Can you tell me what you meant by that?
> A: I don't have no preexisting injuries.

(DE 71 at 9, Avrett Dep. at 61). [3]

Festival contends that because Avrett denied having a pre-existing injury during her deposition, she should not be able to recover on a theory of aggravation of a pre-existing condition.

Avrett responds that she alleges in her Amended Complaint that she suffered "aggravation of a previous existing *condition*, disease or physical defect" not just a "preexisting *injury*." (DE 1-3 at 15) (emphasis added). Accordingly, she argues that her deposition testimony—where she denied having a pre-existing injury—should not preclude her from putting forth evidence of a pre-existing *condition*, as an injury and condition are not necessarily one in the same. There is, in fact, evidence that Avrett had previously complained of neck pain; the medical records from her primary care doctor, Mary Scanlon, show that Avrett complained of neck pain in 2010. (DE 76-1 at 1). Avrett further contends that Festival "failed to advise this Court that Plaintiff's medical records and testimony indicate that Plaintiff complained to her primary care doctor, Mary Scanlon, about neck pain during her October 4, 2010 office visit; and complained of neck pain to her Rheumatologist during her August 11, 2010 and September 16, 2010 office visits." (DE 76 at 3).

---

[3] Festival did not include Avrett's deposition as an exhibit to its MPSJ.

Further, Festival's own Motion for Partial Summary Judgment states that Festival intends to introduce evidence that the accident aggravated Avrett's pre-existing condition. (DE 71 at 9). Accordingly, there is still a genuine dispute of material fact as to whether Avrett had a preexisting condition at the time of the accident, and Avrett may introduce evidence of such a condition at trial.

**Negligent training and retention of employees.** Festival contends that Avrett produced "no record evidence and has before the Court no properly disclosed expert testimony" to sustain a claim of negligent training and retention of employees. (DE 71 at 7). The Amended Complaint only brings one count of negligence against Festival, however it includes several theories of negligence—including claims for negligent training and retention. Specifically, the Amended Complaint states that Festival:

> "b. Failed to properly train, supervise, manage, and control all agents, servants and employees working and/or overseeing the Go Kart tracks and races and failed to ensure that they discharged their duties in accordance with the Defendant's rules, regulations, policies and procedures as they pertain to the safe and proper operation of the Go Kart track and races;
>
> c. Failed to properly train, supervise, manage and control all Supervisors and/or Management who were responsible for the management and overseeing of all agents, servants, and employees working and/or overseeing the Go Kart track and races and failed to ensure that they discharged their duties in accordance with Defendant's rules, regulations, policies and procedures as they pertain to the safe and proper operation of the Go Kart track races."

(DE 1-3 at ¶ 48).

Negligent training is a viable cause of action in Florida. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1265-66 (11th Cir. 2001) ("Under Florida law, an employer is liable in tort for reasonably foreseeable damages resulting from the negligent training of its employees and agents."); *see also McFarland & Sons v. Basel*, 727 So. 2d 266 (Fla. 5th DCA 1999). "[A]s in other negligence causes of action, the conventional elements of duty, breach, causation, and

damages must be shown in negligent training claims." *Wynn v. City of Lakeland*, 727 F. Supp. 2d 1309 (M.D. Fla. 2010).

Negligent retention is also a viable cause of action under Florida law, and it occurs when "during the course of the employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." *Degitz v. Southern Management Services, Inc.*, 996 F. Supp. 1451 (M.D. Fla. 1998); *see also Watson v. The City of Hialeah*, 552 So. 2d 1146, 1148 (Fla. 3d DCA 1989).

Avrett responds that there is a genuine issue of material fact as to whether Festival was negligent in its training and retention of employees. She supports this contention with the depositions of four individuals: two employees of Festival, and two eyewitnesses to the event in question. One of the employees, Howard Pavillard, was the Defendant's shift manager at the time of the instant accident; the other, Ken Withers, was the Defendant's Vice President of Operations. Pavillard testified that he did not know the entire training process that the employees that oversaw the go-kart ride went through. (DE 76-2 at 9). Withers' testified that he did not know the policies on how many warnings a driver of a go-kart would receive before being removed: "The general practice is two or three times, and then they may get pulled . . ." (DE 76-3 at 7). The testimony of the eyewitnesses, Williams and Keith, supports that the individuals crashing into other carts had been warned, but not removed, prior to the accident.

Additionally, although Avrett has not disclosed an expert, expert testimony is not always required in negligence cases. *See generally, Atkins v. Humes*, 110 So. 2d 663, 666 (Fla. 1959) ("[J]urors of ordinary intelligence, sense and judgment are, in many cases, capable of reaching a conclusion, without the aid of expert testimony. . . "); *State Farm Mut. Auto. Ins. Co. v. Penland*,

9

668 So. 2d 200, 202-203 (Fla. 4th DCA 1995) ("[The] opinion of an expert should be excluded where facts testified to are of a kind that do not require any special knowledge or experience in order to form a conclusion, or are of such a character that they should be presumed to be within the common experience of all persons moving in the ordinary walks of life."). In this case, Festival has not demonstrated that expert testimony is needed to prove negligent training or retention.

Accordingly, with the testimony of Festival's employees regarding training, and the testimony of eyewitnesses to the event, a genuine issue of material fact remains regarding whether Festival is liable for negligent training or retention. Thus, Festival's Motion for Partial Summary Judgment on this claim is denied.

**IV.  Conclusion**

For the foregoing reasons, Festival's Motion for Partial Summary Judgment is denied. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

(1) Defendant's Supplement to Motion for Partial Summary Judgment (DE 97) is **DENIED.**

(2) Defendant's Motion for Partial Summary Judgment (DE 71) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 15th day of January, 2016.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record